IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-30065 |
| | ) | |
| NANCY LYNN STOLL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on April 23, 2007, for the sentencing hearing of Defendant Nancy Lynn Stoll. Defendant Stoll appeared in person and by her attorney Assistant Federal Defender Karl W. Bryning. The Government appeared by Assistant U.S. Attorney Gregory M. Gilmore. On December 18, 2006, Defendant Stoll pleaded guilty to the charge of Theft, Embezzlement, Misapplication by a bank officer or employee, in violation of 18 U.S.C. § 656. The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated April 4, 2007.

The Government had no objections.

1

The Defendant objected to paragraph 23 of the PSR. The paragraph called for her offense level to be increased for breach of a position of private trust. For the reasons stated of record, the Court sustained this objection. The Court found that the Defendant's position was sufficiently close to that of an ordinary bank teller and, thus, the enhancement was not appropriate. U.S.S.G. § 3B1.3, Application Note 1. The Government further stated that it had no objection to sustaining the objection.

The Defendant had no additional objections to the PSR. The Court, therefore, adopted the remaining findings of the PSR as its own. Accordingly, the Court found that Defendant Stoll had a final offense level of 13, and was in Criminal History Category I, resulting in an advisory Guideline sentencing range of 12 to 18 months to life, in Zone D of the Guidelines. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Stoll's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a). In this case, the Court determined that the appropriate sentence under all the factors was six months of imprisonment, followed by six months home confinement. The Court took into

consideration the fact that the President of the victimized bank had recommended that the Defendant not be incarcerated.

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Stoll, the Court sentenced Defendant Nancy Lynn Stoll to a term of 6 months imprisonment; to be followed by 5 years of supervised release, with the first 6 months of the supervised release to be served in home confinement; provided however, that she should be released from home confinement for one weekend in 2008 to attend the ceremonies for her daughter's graduation from college. The Court ordered Defendant Stoll to pay restitution in the sum of $124,541.85, with interest to be waived on the award of restitution, and imposed a $100.00 special assessment. The Government had no objection to waiving interest on the restitution. The Court ordered that the special assessment was due immediately. The Court ordered Defendant to pay within 21 days of the date of the hearing the sum of $15,000.00 toward satisfaction of the restitution. The Court ordered the Defendant to make payments on the outstanding restitution, if she was working while incarcerated, at the rate of $25.00 per quarter if she was working at a non-

3

UNICOR job, or $50.00 per month if she was working at a UNICOR job. Upon her release from prison, the Court ordered Defendant Stoll to make monthly payments toward satisfaction of the restitution in the sum of $300.00 or 25 percent of her disposable income, whichever is greater. The Court further ordered that if, after completion of 3 years of supervised release, all of the restitution has been paid, the Defendant may ask the Court to terminate her supervised release early. The Court determined that no fine should be imposed. The Court then informed Defendant Stoll of her appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER:       April   25      , 2007.

        FOR THE COURT:

                                      s/Jeanne E. Scott
                                    JEANNE E. SCOTT
                        UNITED STATE DISTRICT JUDGE